346

484 A.2d 166

**COMMONWEALTH of Pennsylvania**

v.

**Stuart Richard COHEN, Appellant.**

Superior Court of Pennsylvania.

Argued June 7, 1984.

Filed Nov. 9, 1984.

Albert J. Krieger, Miami, Fla., appellant, in propria persona.

Ernest D. Preate, Jr., District Attorney, Scranton, for Commonwealth, appellee.

Before McEWEN, TAMILIA and CERCONE, JJ.

TAMILIA, Judge:

This is an appeal from an Order of the Common Pleas Court of Lackawanna County denying appellant's pre-trial motion to dismiss the charges against him on grounds of double jeopardy. We affirm.

In 1975, appellant was convicted by a jury of third degree murder and criminal conspiracy. On appeal, judgment of sentence was reversed and the case remanded for a new trial on grounds that pre-trial publicity had prevented the selection of an impartial jury. *See Commonwealth v. Cohen*, 489 Pa. 167, 413 A.2d 1066 (1980). The Order from which this appeal stems was issued prior to appellant's second trial in response to his Omnibus Motion to Dismiss the Charges. This, in turn, was bottomed on the notion that prosecutorial overreaching during the first trial was so egregious as to bar retrial under the double jeopardy clauses of the state and federal constitutions.

In its Opinion granting reversal, our Supreme Court, inter alia, took cognizance of appellant's claim that the testimony of certain witnesses who implicated him in the 1974 killing of 16 year old Steven Warunek was the result of prosecutorial overreaching. It is now alleged that yet another witness was suborned by the prosecution, who in addition deliberately obstructed investigation into evidence of a clearly exculpatory tenor.

As the trial judge correctly pointed out in his Opinion, the equivocal nature of the evidence as it now stands removes from the trial court's consideration any resolution as to the true facts of appellant's involvement in the crime and has become a matter for jury determination. Despite the argument that the record before this court is different than the one on which the Pennsylvania Supreme Court's Order of reversal was issued, we find the difference to be one of

quantity rather than quality and that discharge is inappropriate. We, too, "cannot accept appellant's claim that a new trial is not a sufficient remedy for the asserted prosecutorial misconduct." *Id.*, 489 Pa. at 177, 413 A.2d 1072.

Order of the Court of Common Pleas of Lackawanna County is affirmed. The case is remanded for proceedings consistent with this Opinion.

Jurisdiction is relinquished.